**BURROUGHS WELLCOME CO., Plaintiff,**

v.

**COMMERCIAL UNION INSURANCE COMPANY, Defendant.**

**No. 84 Civ. 5267 (PKL).**

United States District Court, S.D. New York.

Aug. 29, 1986.

Cahill Gordon & Reindel, New York City, for plaintiff; Thomas F. Curnin, J. Douglas Richards, of counsel.

Siff, Newman, Rosen & Parker, New York City, for defendant; Thomas R. Newman, William G. Ballaine, of counsel.

LEISURE, District Judge:

In *Burroughs Wellcome Co. v. Commercial Union Insurance Co.*, 632 F.Supp. 1213 (S.D.N.Y.1986), this Court ordered that it would grant plaintiff's motion for partial summary judgment declaring that defendant Commercial Union Insurance Company ("CU") has a duty to defend plaintiff Burroughs Wellcome Co. ("Burroughs") against all lawsuits and claims arising directly or derivatively from alleged exposure to DES. Entry of judgment was stayed, however, in order to permit CU to inspect the files of Johnson & Higgins, Burroughs' insurance broker, at pertinent locations, and then present to the Court any newly-discovered documentary evidence which CU deemed relevant to the existence and contents of products liability policies covering Burroughs for the years December, 1949 to April 1, 1967. 632 F.Supp. at 1225.

By letter dated June 6, 1986, CU reported to the Court that it had subpoened the files of Johnson & Higgins' offices in New York City, Richmond, Virginia, and Charlotte, North Carolina, and had deposed certain Johnson & Higgins officials. According to counsel, "[t]his discovery did not unearth any additional policy documents that proved or disproved the existence of products coverage over the 18 year period." Letter from William G. Ballaine, Esq., to Hon. Peter K. Leisure (June 6, 1986). Thus, CU did not present any newly-discovered evidence to the Court.

CU argued, however, that the documentation submitted by plaintiff in support of its motion for partial summary judgment nevertheless is insufficient to provide the basis for granting summary judgment as to the existence and contents of products liability coverage, citing *Abex Corp. v. Maryland Casualty Co.*, 790 F.2d 119, 129–30 (D.C.Cir.1986). In *Abex*, the Court reversed the District Court's decision granting summary judgment in favor of the insured, holding that there was an unresolved factual issue concerning the insurer's coverage of Abex. While the Court found the evidence supporting coverage "arguably persuasive," the summary judgment rule required a finding that there were no disputes of material facts. 790 F.2d at 130. At issue were policies covering two non-continuous years out of the thirty-one year time period during which the insured claimed coverage from several insurers. This factual situation must be contrasted to the one presented here, where Burroughs has established an unbroken relationship with and chain of continuous coverage by CU and its predecessors for over twenty-five years. *See* Exhibits to the Affidavits of Thomas P. Curnin, Esq., sworn to on December 17, 1984, December 27, 1984, and March 18, 1985, submitted in support of Plaintiff's Motion for Partial Summary Judgment.

In opposition to the instant motion, CU submitted, *inter alia*, the affidavit of Chester O. Gay, a CU employee who specializes in special risks underwriting, which includes the underwriting of insureds that manufacture and sell pharmaceutical drugs. In addition to noting that the docu-

mentation submitted by plaintiff did not include, for most years, the complete policies, but only portions, Mr. Gay observed that it was necessary to have available all of the endorsements and other parts of the insuring agreements "before making any final determination on the coverage provided." Affidavit of Chester O. Gay, sworn to on February 27, 1985, ¶¶ 7–9. However, rather than offer any specific facts that controvert the availability of products liability coverage during the years in question, Mr. Gay proceeded to highlight the nature of the portions of the policies that were missing. The Gay affidavit does not dispute the availability of products liability coverage during the years relevant to this lawsuit, rather it is concerned only with the issue that Burroughs has not carried its burden of proving that such coverage existed.

Normally, on a motion for summary judgment, "the court cannot try issues of fact; it can only determine whether there are issues to be tried." *Schering Corp. v. Home Insurance Co.*, 712 F.2d 4, 9 (2d Cir.1983), *quoting Heyman v. Commerce & Industry Insurance Co.*, 524 F.2d 1317, 1319–20 (2d Cir.1975). But, where, as here, the action is to be tried to a judge and not a jury, additional considerations apply.

> A trial should be held "when a dispute over historical facts or inferences raises issues going to the weight or credibility of testimony, [and therefore] the party opposing the motion is entitled to confront and cross-examine witnesses … and the judge must consider their credibility and demeanor in finding facts." Schwarzer, *Summary Judgment under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 476 ("Schwarzer"). However, if the parties do not dispute the material facts of the case but differ only upon ultimate facts or conclusions, "it is not so clear

that a trial serves as useful [a] purpose." *Id.* at 477.

*Klausner v. Ferro*, 604 F.Supp. 1188, 1192–93 (E.D.N.Y.1985), *aff'd mem.*, 788 F.2d 3 (2d Cir.1986).[1]

In this case, CU does not dispute the authenticity of the documentation submitted by plaintiff, only the conclusions to be drawn therefrom. With respect to the issue of whether Burroughs maintained products liability coverage with CU or its predecessors for the entire period alleged, no dispute exists as to the record of historical facts as presented by the exhibits to the Curnin affidavits. The Court, as the trier of fact, therefore does not have to weigh conflicting versions of the same event. Instead, the Court must review the documentation supplied by plaintiff and reach a conclusion as to whether or not plaintiff's version of events has been proved. Resolution of this issue does not require the Court to assess the credibility or demeanor of live witnesses since none have been proffered, other than Mr. Gay, whose testimony concerns only the conclusions to be drawn from plaintiff's documents. Thus, "in the absence of a genuine need to assess testimonial credibility or demeanor, the decision of issues which would otherwise go to the jury may be made on motion for summary judgment when trial is to the court." Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 479.

Nevertheless, a further review of the cases relied upon by CU in opposing this aspect of plaintiff's motion is still appropriate at this time. In *Keene Corp. v. Insurance Co. of North America*, 1981 Fire & Casualty Cases 712 (D.D.C.1981), the insured offered no direct proof that any of the specific policies which it purchased included products coverage. Moreover, the secondary testimonial and documentary evidence indicated that products coverage

---

**1.** In *United States v. J.B. Williams Co.*, 498 F.2d 414 (2d Cir.1974), the Second Circuit rejected the jury/nonjury distinction suggested here, but only for the reason that the party opposing summary judgment "has the right to adduce the … testimony of live witnesses and cross-examine his opponent's witnesses rather than have to rely on the affidavits submitted in opposition to the summary judgment motion." *Id.* at 430 n. 19 (citations omitted).

was not included. *Id.* at 713. In *Emons Industries v. Liberty Mutual Fire Insurance Co.*, 545 F.Supp. 185 (S.D.N.Y.1982), the insurer presented evidence that it was unusual for a business insured by Liberty to purchase products liability coverage as part of a general liability program of insurance. *Id.* at 187. Moreover, the parties sought a declaration of rights on the issue of *indemnity* which therefore required the court to know the applicable limits of any coverage the insured might have had. *Id.* at 189. On the instant motion, the Court does not address plaintiff's claims for indemnification, only the duty to defend, which is not contingent upon the duty to indemnify. *Seaboard Surety Co. v. Gillette Co.*, 64 N.Y.2d 304, 310, 486 N.Y.S.2d 873, 876, 476 N.E.2d 272 (1984). Finally, in *Abex Corp., supra,* the only two documents submitted by the insured were stamped "SAMPLE" and "CANCELLED," 790 F.2d at 130, which is far less than the amount and quality of the evidence presented by plaintiff herein.[2]

Based upon the foregoing, the Court holds that CU has failed to present to the Court specific facts showing that there is a genuine issue for trial. Accordingly, pursuant to Fed.R.Civ.P. 54(b), Burroughs' motion for partial summary judgment with respect to CU's duty to defend lawsuits and claims asserted against Burroughs arising out of products liability coverage from December 22, 1949 to April 1, 1967, is hereby granted. The parties are directed to submit within twenty days a declaratory order encompassing the rulings contained within this and the previous opinion.

SO ORDERED

---

[2] CU has asked the Court to clarify whether the duty to defend is extinguished once the applicable liability limits for products coverage have been exhausted. *See, e.g., Commercial Union Ins. Co. v. Pittsburgh Corning Corp.*, 789 F.2d 214 (3d Cir.1986). Burroughs argues that under New York law, the insurer's duty to defend is not an obligation contingent upon the duty to indemnify. *Seaboard Surety Co. v. Gillette Co.*, 64 N.Y.2d 304, 310, 486 N.Y.S.2d 873, 876, 476 N.E.2d 272 (1984); *see also* 7C J. Appleman & J.

Appleman, *Insurance Law & Practice,* § 4691 at 256 (Berdal ed. 1979) (costs of defense are in addition to policy limits). While it appears that Burroughs may have the better of this argument, the issue remains undecided in order to permit the parties the opportunity to apprise the Court more completely of the pertinent legal authorities and arguments. This does not preclude the Court from entering judgment on the within motion.